**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v. Case No. 3:23-cr-130-MMH-LLL

ROBERT KENT SAKER,

Defendant,

and

METROPOLITAN LIFE
INSURANCE COMPANY
"METLIFE" ANNUITIES,

Garnishee.

---

# ORDER

**THIS CAUSE** is before the Court on Magistrate Judge Laura Lothman Lambert's Report and Recommendation (Doc. 86; Report), entered on September 29, 2026. In the Report, the Magistrate Judge recommends that the United States' Renewed Unopposed Motion for Final Order of Garnishment (Doc. 85) be granted. See Report at 1, 3. No objections to the Report have been filed, and the time for doing so has now passed.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982 (quoting Nettles v. Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[1]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[2] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 556 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[2] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made,[3] the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Matthews v. Weber, 423 U.S. 261, 270-71 (1976)). Upon careful consideration and independent review of the record, the Court will accept and adopt the factual and legal conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 86) is **ADOPTED** as the opinion of the Court.
2. The United States' Renewed Unopposed Motion for Final Order of Garnishment (Doc. 85) is **GRANTED**.
3. Garnishee MetLife is **DIRECTED** to liquidate Defendant Robert Kent Saker's nonexempt interest in his variable annuity account and pay to the United States a total of **$131,738.25**, plus any required fees or taxes.

[3] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

4. The payment made to the United States shall contain the notation "Robert Kent Saker, Case No. 3:23-cr-130-MMH-LLL," be made payable to "Clerk, United States District Court," and be sent to:

   Clerk, United States District Court
   Attn: DCU
   401 West Central Boulevard, Suite 1200
   Orlando, FL 32801

5. Upon payment to the United States, the Writ of Garnishment directed to MetLife shall automatically terminate under 28 U.S.C. § 3205(c)(10).

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of November, 2026.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

Garnishee Metropolitan Life Insurance Company
"MetLife Annuities"
c/o Chief Financial Officer
200 E. Gaines St.
Tallahassee, FL 32399